UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MCLEAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RUDESINDO FERNANDEZ, aka RUDESINDO R. FERNANDEZ, III, *et al*.,<br><br>　　　　　Defendants. | 1:15-cv-00971-LJO-JLT<br><br>**ORDER DISMISSING WITHOUT PREJUDICE ALL CLAIMS AGAINST DEFENDANT RUDESINDO R. FERNANDEZ  (Docs. 6, 9 & 10)** |

　　　This action was removed from Kern County Superior Court on June 25, 2015 by Defendant District Director of the Internal Revenue Service of the United States of America ("Federal Defendant"), the only defendant to make an appearance in this case as of the date of entry of this Order. Doc. 1. Federal Defendant answered on July 1, 2015. Doc. 3. On August 13, 2015, Plaintiff filed a Notice indicating that she filed a notice of voluntarily dismissal in the underlying action in Kern County Superior Court as of July 2, 2015. Doc. 6. The Court construed the August 13, 2015 filing as a request for voluntary dismissal with prejudice of the <u>entire</u>, above-captioned, removed action, but requested the input of Federal Defendant prior to entering an order of dismissal. Doc. 7. On August 19, 2014, the United States objected to dismissal of the entire action. Doc. 8. Plaintiff later pointed out that the Notice filed in Kern County Superior Court dismissed only Defendant Rudesindo Ferndandez from that lawsuit.

1

Doc. 10. Accordingly, Plaintiff seeks dismissal of Defendant Fernandez only. *Id*.

Federal Defendant nevertheless objects that Plaintiff has failed to show why dismissal of Defendant Fernandez is appropriate, as he "appears to be a necessary party to this action to quiet title." Doc. 8 at 2. Plaintiff's counsel attests that Defendant Fernandez "was dismissed [from the Kern County action] because he agreed to sign a deed transferring the entirety of his interest in the subject real property to Plaintiff." Doc. 10 at 2. While the Court cannot say with certainty that Defendant Fernandez is not a necessary party unless and until the transfer deed is signed, Fed. R. Civ. P. 41(a)(1) permits Plaintiff to voluntarily dismiss Defendant Fernandez without a court order if dismissal is noticed before Defendant Fernandez filed an answer or motion for summary judgment. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) ("Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment... Permitting a plaintiff to dismiss fewer than all of the named defendants is consistent with [the] purpose [of Rule 41(a)(1)]."). **Accordingly, the Clerk of Court is directed to terminate Defendant Fernandez as a defendant in this action.** Should Federal Defendant determine that Defendant Fernandez may be a necessary party (e.g., if no transfer deed is executed), Federal Defendant may file an appropriate motion to join (or, in this case, re-join) Defendant Fernandez as a party to the case. The Clerk of Court is also directed to administratively terminate the two pending motions for reconsideration, Docs. 9 & 10, which are resolved by this order.

IT IS SO ORDERED.

Dated: **August 28, 2015**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE