UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MCLEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>RUDESINDO FERNANDEZ, a.k.a. RUDESINDO R. FERNANDEZ III, et al.,<br><br>    Defendants. | No. 1:15-cv-00971-DAD-JLT<br><br>ORDER  REOPENING CASE AND REMANDING TO STATE COURT |

On October 12, 2016, the court issued an order giving effect to a joint stipulation between plaintiff Tammy McLean and defendant United States. (Doc. No. 39.) In particular, the court entered an order quieting title in favor of defendant United States, and directing the Clerk of the Court to close the case. (*Id.*) This final aspect of the order, directing the court clerk to close the case, however, was issued in error because two defendants remain in the case, Citibank (South Dakota), N.A., and Beatrice Fernandez. As to these two defendants plaintiff requested entry of default. (Doc. No. 27.) A Clerk's Entry of Default was issued. (Doc. No. 30.) However, plaintiff has never moved for entry of default judgment as to these defendants. This action shall therefore be reopened with respect to these two remaining defendants.

/////

/////

1

Because the removing defendant United States is no longer a party to this action, however, the complaint no longer presents a valid federal question under 28 U.S.C. § 1444.[1] There are no claims remaining in this action that "necessarily depend on resolution of an actual and disputed federal issue." *Franklin AAA Holdings, LLC v. L.A. Cty. Tax Collector*, CV 10–7041 AHM (PJWx), 2011 WL 165401, at *2 (C.D. Cal. Jan. 19, 2011). This court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367[2] over plaintiff's remaining state law claims against the two remaining defendants as to whom a Clerk's Entry of Default has been entered, and remands the action to the Kern County Superior Court for any further proceedings plaintiff may wish to pursue.

## CONCLUSION

For the reasons stated above:

1. The court vacates the October 12, 2016 order only to the extent that it directed the Clerk of the Court to close this case;
2. The Clerk of the Court shall reopen this case; and
3. The case is remanded to the Kern County Superior Court for further proceedings.

IT IS SO ORDERED.

Dated:   **November 1, 2016**                              _Dale A. Drozd_
                                                           UNITED STATES DISTRICT JUDGE

---

[1] Under 28 U.S.C. § 1444, "Any action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending."

[2] Under 28 U.S.C. § 1367, this court has discretion to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction."